UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND; TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND; THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION; *and* THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, <br><br>                  Petitioners, <br><br> – against – <br><br> H.R.A.D. CONSTRUCTION CORP, <br><br>                  Respondent. | **ORDER** <br> 19 Civ. 1274 (ER) |

Ramos, D.J.:

      The petitioners filed this action on February 11, 2019, to confirm a November 2018 arbitration award against H.R.A.D. Construction Corporation. Petition, Doc. 1. H.R.A.D. has not appeared in this action. On March 29, 2019, the Court granted the petitioners' request to deem their petition an unopposed motion for summary judgment. Doc. 10. The Court now GRANTS the petitioners' motion and CONFIRMS the arbitration award.

**I.  LEGAL STANDARD**

      Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The court is required to grant the award unless it is vacated, modified, or corrected. *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree

confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal punctuation and quotation marks omitted).  It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation omitted).  In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on the merits.  *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110.  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).

## II.   DISCUSSION

The Court has reviewed the petitioners' submissions and finds that based on the record provided, together with the appropriate narrow level of review, there is no disputed material issue of fact and the arbitration award, awarding the petitioners $3857.95 and pre-judgment interest at

a rate of 7 percent *per annum*, should be CONFIRMED.  *See Landy*, 954 F.2d at 797 ("[A]n arbitration award should be enforced . . . if there is a barely colorable justification for the outcome reached." (internal quotation omitted)); 29 U.S.C. § 1132(g)(2) (directing that interest be calculated "by using the rate provided under the plan").  The Court further finds that the petitioners' request for $677 in attorneys' fees and costs is reasonable and supported by the operative collective bargaining agreement between the parties.  *See* Petition ex. B, art. XVI, § 6(a)(4) (providing for "reasonable attorney's fees and costs" in actions to enforce collective bargaining agreement between parties).  The petitioners also seek to recover post-judgment interest, which the Court grants on the full judgment amount pursuant to 28 U.S.C. § 1961(a).

## III.  CONCLUSION

For the foregoing reasons, the motion to confirm the petition is GRANTED, the underlying arbitration award is CONFIRMED, and judgment is entered in favor of the petitioners and against the respondent as follows:

1. Awarding Petitioners $3857.95 pursuant to the November 15, 2018 arbitration award, plus interest from the date of the award through the date of judgment to accrue at the annual rate of 7% pursuant to the award;

2. Awarding Petitioners $70 in costs arising out of the proceeding;

3. Awarding Petitioners $607 in attorneys' fees arising out of the proceeding; and

4. Awarding Petitioners post-judgment interest at the statutory rate.

The Clerk of Court is respectfully directed to enter judgment and close the case.

It is SO ORDERED.

Dated:  September 30, 2020
        New York, New York

                                            Edgardo Ramos, U.S.D.J.